UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI
CIVIL NO. 09-444 SJD - JGW

**MICHAEL MCCAIN,**                                         **PLAINTIFF**

  vs.

**ED VOORHIES,** *et al.***,**                               **DEFENDANTS**

### REPORT AND RECOMMENDATION[1]

Plaintiff, an inmate at the Mansfield Correctional Institution in Mansfield, Ohio, brings this action, *pro se*, pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. On September 9, 2009, the Court issued an Order dismissing all Defendants (except Mack and Burchett) finding that Plaintiff's complaint failed to state a claim for relief under § 1983 against those defendants.

The only claim remaining is based on Plaintiff's allegations that Defendants Mack and Burchett failed to protect Plaintiff from an assault by two other inmates in violation of the Eighth Amendment to the United States Constitution. (See Doc. 7, pp. 2-3). This matter is now before the Court on Defendants Mack and Burchett's motion for judgment on the pleadings and the parties' responsive memoranda.

### I.  FACTS

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Plaintiff, an Ohio inmate currently incarcerated by the Ohio Department of Rehabilitation and Correction ("ODRC"), filed the instant § 1983 action against various ODRC employees for events that occurred while Plaintiff was incarcerated at the Southern Ohio Correctional Facility ("SOCF").

Plaintiff's complaint alleges that he was assaulted by two intoxicated SOCF inmates. Plaintiff alleges these inmates were members of the Aryan Brotherhood prison gang who were well-known as troublemakers in the cell block. Plaintiff states that these inmates were yelling, pointing fingers in Plaintiff's face, and making statements of a sexual nature in an attempt to provoke a fight with Plaintiff and another inmate.

Plaintiff asserts that Defendants Mack and Burchett, both SOCF corrections officers, knew the inmates were intoxicated and observed the inmates' threatening behavior but failed to intervene.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Where a motion for judgment on the pleadings is based on the argument that the complaint fails to state claim upon which relief may be granted, it is judged under the same standard of review as a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir.1987).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. The first step in testing the sufficiency of the complaint is to identify any

conclusory allegations.  *Ashcroft v. Iqbal*, ---U.S. ----, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  "[A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citations and quotation marks omitted).  Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949, 1950 (citing *Twombly*, 550 U.S. at 556, 570) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing *Twombly*, 550 U.S. at 556).

### III.  ANALYSIS

Defendants assert that Plaintiff's threadbare and conclusory allegations regarding what Defendants "should have known" do not suffice to state a claim under the Eighth

Amendment. The undersigned agrees, and for the reasons that follow, recommends that Defendants' motion for judgment on the pleadings be granted.

*A.     Eighth Amendment*

The Eighth Amendment to the United States Constitution prohibits "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference requires that the official both know of and disregard an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Id.* at 837-38.

A prison official violates an inmate's Eighth Amendment rights only when two requirements are met. First, "the deprivation alleged must be, objectively, sufficiently serious." *Id*. (internal citations omitted). In other words, the "prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In order for a prisoner to succeed on a claim based on a prison official's failure to prevent harm, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

Second, it must be shown that a prison official acted with "deliberate indifference" in failing to protect the inmate. *Farmer*, 511 U.S. at 834. Deliberate indifference exists only if a jail official knows of and disregards an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837. This means "the official must both be aware of facts from

-4-

which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. Furthermore, It is not enough that the official "should" have perceived a significant risk, but did not. *Id.*

    B.    *Plaintiff's complaint fails to state a claim for relief under the Eighth Amendment*

Here, Plaintiff asserts that Defendants Burchett and Mack "both knew or should have known that [members of the Aryan Brotherhood ("AB") ] were intoxicated" based on prior contact with them that morning. (Doc. 6). Plaintiff's complaint further asserts that Defendants were aware that the AB's were drinking "homemade wine" because the scent of wine was in the air and they were being loud. (Doc. 6, ¶ 21). Thus, Plaintiff maintains that Defendants knew that intoxicated inmates could turn violent, and failed to protect Plaintiff from such violence.[2]

Defendants, however, assert that while it may be true that certain circumstances may impute knowledge to correctional officers that a specific inmate may be in danger, the scent of alcohol in the air and loud voices does not suffice. These conditions hardly

---

   [2] In support of his memorandum *contra*, Plaintiff attached the affidavits of six inmates. The affidavits state generally that the Defendants knew that AB's were intoxicated, describe the altercation between Plaintiff and the AB's, and give opinions as to the appropriateness of Defendants' reaction as the altercation began. (*See* Doc. 20, Ex.1). Defendants appear to move to strike (Doc. 23) these exhibits because they raise facts that were not contained in the complaint. *See EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir.2001) (stating that even under the liberal notice-pleading regime, the Federal Rules of Civil Procedure still require "that the complaint give the defendant fair notice of the claim and its supporting facts"). Furthermore, although these documents are labeled as a "affidavits," it is not taken before a person having authority to witness the affirmation, such as a notary public. An affidavit is required to be sworn to by the affiant in front of an officer authorized to administer oaths. *See Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2002). Accordingly, the affidavits cannot be considered in support of Plaintiff's assertions, and Defendants motion is **GRANTED.**

amount to a "pervasive risk of harm" that would put Defendants on notice of an impending attack. See *McGhee v. Foltz*, 852 F.2d 876, 880 (6th Cir. 1988) ("While 'much less than proof of a reign of violence and terror in the particular institution' is required to demonstrate a pervasive risk of harm, a single incident or several isolated incidents are not sufficient").

Furthermore, in *McGee*, the Court noted that the evidence fell far short of establishing deliberate indifference where:

> [prison officials] had no notice or knowledge of any danger to the plaintiff or of any particular problems in the plaintiff's cell block. There was no evidence of threats against the plaintiff or any group of which he was a part. The fact that there had been a recent increase in the number of assaults within the entire prison, the great majority of which did not result in serious injury, is not sufficient to support the plaintiff's Eighth Amendment claim.

*McGee*, 852 F.2d at 881.

Here, Plaintiff's complaint is devoid of any specific allegation that Plaintiff informed Defendants that his safety was at risk. Plaintiff does not allege that he submitted any written grievances or kites to prison staff regarding a threat to his safety. Further, Plaintiff does not allege that he verbally informed one of the Defendants that the assailants posed a threat to his safety. Thus, Plaintiff's conclusory allegations do not establish that Defendants failed to act despite their knowledge of a substantial risk of serious harm, as required to state a claim for an Eighth Amendment violation. *See Farmer*, 511 U.S. at 842.

## VI.  CONCLUSION

Accordingly, based on the foregoing**, IT IS THEREFORE RECOMMENDED**

**THAT** Defendants' motion for judgment on the pleadings (Doc. 16) should be

**GRANTED**; and this case should be **CLOSED**.


**DATE: June 15, 2010**　　　　　　　　　　　　s/ **J. Gregory Wehrman**
　　　　　　　　　　　　　　　　　　　　　　　　J. Gregory Wehrman
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge




**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**
**CIVIL NO. 09-444 SJD - JGW**

**MICHAEL MCCAIN,**　　　　　　　　　　　　　　　　**PLAINTIFF**

　　vs.

**ED VOORHIES,** *et al.***,**　　　　　　　　　　　　　　　**DEFENDANTS**

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).