UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL MCCAIN,

    Plaintiff,

vs.

ED VOORHIES, *et al.*,

    Defendant.

Case No. 1:09-cv-444

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This action is currently before the Court on defendant Burchett's motion for summary judgment (Doc. 69), plaintiff's response in opposition (Doc. 72), and defendant Burchett's reply. (Doc. 73). Also pending is defendant Burchett's motion to stay discovery pending resolution of his motion for summary judgment (Doc. 71), to which plaintiff has not replied.

**I. Background**

Plaintiff Michael McCain, a pro se prisoner, filed this litigation *in forma pauperis* on September 9, 2009 pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff initially named several employees[1] of the Southern Ohio Correctional Facility (SOCF) as well as the Ohio Department of Rehabilitation and Correction (ODRC) as defendants. (Doc. 6). Pursuant to the District Judge's *sua sponte* review, plaintiff's claims against all defendants were subsequently dismissed except for his claims against Correctional Officers McCallister and Burchett, whom he alleges failed to protect him from an assault by SOCF inmates in violation of the Eighth Amendment to the United States Constitution. (Doc. 7). On September 8, 2010, the

---

[1] Specifically, plaintiff filed suit against Warden Voorhies, State Trooper Ball, Investigator Al Lewis, Warden's Assistant Larry Green, Captain Gannon, Unit Manager Haywood, Unit Manager Davis, Corrections Officer McCallister (a.k.a. "Mack"), Corrections Officer Burchett, and the "Chief Inspector" in their individual and official capacities. (Doc. 6).

District Judge granted defendants' motion for judgment on the pleadings finding that plaintiff had failed to state a claim for an Eighth Amendment Violation. (Doc. 39). Plaintiff appealed this ruling to the Sixth Circuit Court of Appeals. (Doc. 42). On appeal, the Sixth Circuit held that plaintiff had alleged facts[2] sufficient to establish a claim of deliberate indifference to his safety. (Doc. 66). Accordingly, the Appellate Court vacated the order granting judgment on the pleadings and remanded the matter to this Court for further proceedings. *Id.*

**II. Motion for Summary Judgment (Doc. 69)**

Defendant Burchett moves for summary judgment asserting that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit and, consequently, he is entitled to judgment as a matter of law and plaintiff's suit should be dismissed pursuant to the Prison Litigation Reform Act (PLRA), 42 U.SC. § 1997e(a). (Doc. 69).[3] In support, defendant Burchett has submitted the affidavit of Linda Coval, the Deputy Chief Inspector for ODRC. (Doc. 69, Ex. 1, Declaration of Linda Coval). Defendant has also submitted copies of plaintiff's grievance filings supporting Ms. Coval's declaration. (Doc. 74).

In response, plaintiff argues that the Sixth Circuit's prior remand of this matter is a procedural bar to defendant's motion. Plaintiff further asserts that defendant's motion is barred by claim and issue preclusion due to his failure to raise the issue during the appeals process. Moreover, plaintiff argues that his untimely initial grievance should be excused, citing the Sixth Circuit's holding in *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), that timeliness of a grievance is not a requirement for showing "exhaustion" under the PLRA. Plaintiff has

---

[2] Plaintiff's allegations were fully laid out in the Sixth Circuit's opinion and they will not be reiterated here.
[3] Defendant Burkchett also moves for dismissal of defendant McCallister due to plaintiff's failure to serve him within the 120 day requirement of Federal Rule of Civil Procedure 4(m). This argument is addressed below.

2

presented no evidence in support of his arguments.[4]

Defendant Burchett's reply contends that he has not waived the affirmative defense of plaintiff's failure to exhaust the grievance procedure and that plaintiff's reliance on *Woolum* is misplaced in light of the Supreme Court's holding in *Woodford v. Ngo*, 548 U.S. 81, 87-91 (2006), which reversed a Ninth Circuit decision similar to *Woolum* and held that "[p]roper exhaustion demands compliance with an agency's deadlines . . . ." For the following reasons, the undersigned finds that defendant's motion for summary judgment should be granted.

A. Summary Judgment Standard

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action. The court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Id.* at

---

[4] Plaintiff attached a "Truth Affidavit" to his response. *See* Doc. 72, Ex. 1. However, this affidavit is undated and unsworn and, consequently, cannot be considered by the Court as evidence at summary judgment. *See Maston v. Montgomery Cty. Jail Medical Staff Personnel*, ---F. Supp.2d---, No. 3:10-cv-104, 2011 WL 5403325, at *4 (S.D. Ohio Nov. 8, 2011) ("When opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings. Moreover, the Sixth Circuit has explicitly held that a party's 'status as a pro se litigant does not alter [this] duty on a summary judgment motion.'") (quoting *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)). *See also* 28 U.S.C. § 1746 (where a matter is required to be supported by any rule of law by an affidavit or sworn declaration, it may be supported in writing in a form such as "*I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)*".) (emphasis added).

255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)). However, a district court need not view the facts in the light most favorable to the nonmoving party if that party's version of events is "blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

When a defendant has identified the shortfall in a plaintiff's case, the plaintiff must come forward with evidence establishing a material issue of fact for resolution by the fact-finder. *Anderson*, 477 U.S. at 252. The Court is not obligated to "comb through the record to ascertain whether a genuine issue of material fact exists." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000) (citing *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407, 410 (6th Cir. 1992)).

The court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* (citing *Cities Serv.*, 391 U.S. at 288-289). If the evidence is merely colorable, *Dombrowski v. Eastland*, 387 U.S. 82, 84 (1967), or is not significantly probative, *Cities Serv.*, 391 U.S. at 290, judgment may be granted. *Anderson*, 477 U.S. at 249.

B. Resolution

Exhaustion of administrative remedies "is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "[A] prisoner confined in any jail, prison, or other correctional facility" is barred from filing a lawsuit alleging constitutional violations under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all

4

inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

The PLRA exhaustion requirement means prisoners must carry out "proper exhaustion" of a grievance. *Woodford*, 548 U.S. at 90. To properly exhaust a claim, prisoners must "tak[e] advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford*, 548 U.S. at 90). "Proper exhaustion [further] demands compliance with an agency's deadlines . . . ." *Woodford*, 548 U.S. at 90. Proper exhaustion serves the necessary interest of providing "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (citing *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006), *cert. denied*, 549 U.S. 1245 (2007)).

The procedure established for resolving inmate complaints in Ohio, codified in Ohio Admin. Code § 5120-9-31, involves a three-step process. First, the inmate is required to file an informal complaint with the direct supervisor of the staff member within fourteen days of the event giving rise to the complaint. Ohio Admin. Code § 5120-9-31(K)(1). Second, if the inmate is unsatisfied with the response to his informal complaint he may file a formal grievance with the inspector of institutional services at his institution of confinement. Ohio Admin. Code § 5120-9-31(K)(2). The inspector of institutional services is required to provide a written response to the inmate's grievance within fourteen calendar days of receipt of the grievance. *Id*. If the inmate is dissatisfied with the response, he may undertake the third step of the grievance process and file

5

an appeal to the office of the chief inspector within fourteen days of the disposition of the formal grievance. Ohio Admin. Code § 5120-9-31(K)(3). "All inmates in the custody of ODRC are given both written and oral instructions on how to use the inmate grievance procedure including instructions on appeals to the Office of the Chief Inspector and direct grievance to that office as required by Ohio Admin. Code § 5120-9-31(C)." (Doc. 69, Ex. 1, ¶ 7). Plaintiff acknowledged that he had read Ohio Admin. Code § 5120-9-31 in his Notification of Grievance to the Chief Inspector. (Doc. 74, p. 4, Plaintiff's Grievance filings).

Ms. Coval attests that plaintiff failed to fully exhaust the grievance process. (Doc. 69, Ex. 1, ¶ 8). Specifically, the declaration explains that plaintiff's initial grievance was not timely filed and, further, plaintiff did not complete the second step of the grievance process (filing a formal grievance with the inspector of institutional services at SOCF). *Id.* Ms. Coval's declaration provides that her review of plaintiff's grievance records revealed that plaintiff:

> filed an Informal Complaint Resolution [Step One] on January 19, 2008 regarding the September 27, 2007 incident and [defendant] Burchett's alleged failure to protect him from assault. This Informal Complaint Resolution did not comply with step 1 of the three-step process because it was not submitted within 14 days of the incident as required by Ohio Admin. Code 5120-9-31(K)(1). Thereafter, [plaintiff] submitted a Notification of Grievance directly to the Chief Inspector's office, as opposed to the inspector of institutional services as required by step 2 of the grievance procedures. Thus, not only was [plaintiff]'s grievance untimely, but he skipped step 2 of the process entirely.

*Id.*

Plaintiff has not submitted any evidence contesting that he has failed to exhaust his administrative remedies due to untimeliness or failure to follow the three-step procedure laid out by § 5120-9-31(K). Rather, plaintiff argues that defendant's motion is precluded by the Sixth Circuit's prior holding that this Court "was to proceed from the remanding consistent with their opinion . . . ." (Doc. 72). Relying on *Woolum*, plaintiff further argues that his untimely filing of

6

his initial informal complaint is not a basis for granting summary judgment. Plaintiff's arguments are not well-taken.

With respect to the remand in this matter, plaintiff misstates the Sixth Circuit's Order. The Appellate Court's ruling was limited to the issue of whether plaintiff had alleged facts sufficient to state an Eighth Amendment claim and, finding that plaintiff had alleged such facts, the matter was remanded to this Court "for further proceedings consistent with [the opinion that plaintiff had stated a claim entitling him to relief]." (Doc. 66). The Sixth Circuit opinion did not preclude defendant from subsequently raising the affirmative defense of plaintiff's failure to exhaust. Further, defendant Burchett is not barred from raising the defense in a motion for summary judgment despite having failed to raise it previously. *See Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) (holding that defendant had not waived affirmative defense despite not raising it in a responsive pleading where the plaintiff had notice of the defense and a chance to respond). As plaintiff has had an opportunity to respond to defendant's affirmative defense of failure to exhaust, the undersigned finds that the defense is not waived or precluded. *Id.* ("The purpose of [Fed. R. Civ. P. 8(c)] is to give the opposing party notice of the affirmative defense and a chance to respond.").

Plaintiff's argument with respect to *Woolum* is similarly lacking. Plaintiff contends that his failure to file his informal complaint within the fourteen-day deadline as required by Ohio Admin. Code § 5120-9-31 (K)(1) is not a bar to his lawsuit because in *Woolum*, the Sixth Circuit held that a prisoner's failure to comply with grievance deadlines was not a failure to properly exhaust his administrative remedies. *See Woolum*, 337 F.3d at 733 ("We therefore hold that a prisoner who has presented his or her grievance through *one complete round of the prison process* has exhausted the available administrative remedies under 42 U.S.C. § 1997e(a),

regardless of whether the prisoner complied with the grievance system's procedural requirements.") (emphasis added).

Plaintiff's reliance on *Woolum* is misplaced for two reasons. First, the Supreme Court has expressly overruled this proposition and held that "[p]roper exhaustion demands compliance with an agency's deadlines . . . ." *Woodford*, 548 U.S. at 90. Second, even if *Woolum* were still good law, it would not apply to plaintiff's situation because plaintiff has failed to undergo a complete round of the grievance process. After filing his initial informal complaint, plaintiff failed to complete the second step of the grievance process which requires that he file a formal grievance with the inspector of institutional services at SOCF. Ohio Admin. Code § 5120-9-31(K)(2). Rather, plaintiff skipped this step and proceeded directly to step three of the process and filed a Notification of Grievance with the Chief Inspector. (Doc. 69, Ex. 1, ¶ 8; Doc. 74, pp. 4-6, Notification of Grievance). Consequently, plaintiff has failed to exhaust his administrative remedies both in his untimely filing and his failure to undertake the second step of the grievance process. Given these undisputed facts, defendant Burchett is entitled to judgment as a matter of law.

## II. Motion to Dismiss Defendant McCallister (Doc. 69)

In his motion for summary judgment, defendant Burchett also moves for dismissal of defendant McCallister due to plaintiff's failure to effect service within the 120-day time period required by Fed. R. Civ. P. 4(m). (Doc. 69, p. 2). Rule 4(m) provides that where a plaintiff fails to serve a defendant within 120 days of filing the complaint, the court – on its own after plaintiff has received notice or on motion – must dismiss the claims against the unserved defendant unless plaintiff has shown good cause for the failure to timely serve. Fed. R. Civ. P. 4(m). Here, plaintiff filed his complaint in September 2009 and, over 30 months later, has yet to ensure

service on defendant McCallister. Plaintiff was put on notice regarding this deficiency in October 2009 as defendant Burchett raised the issue in his answer to plaintiff's complaint. (Doc. 10). Further, plaintiff's response to defendant Burchett's motion fails to address defendant's argument for dismissal due to the lack of service on defendant McCallister. The Court finds that plaintiff has received proper notice but has not shown good cause which would justify further extending the deadline for executing service on defendant McCallister. Accordingly, the undersigned recommends that plaintiff's claims against defendant McCallister be dismissed.[5]

### III. Motion to Stay Discovery (Doc. 71)

Defendant Burchett moves to stay discovery pending the resolution of his motion for summary judgment (Doc. 69) on the ground that no discovery is needed to address the issues raised in the motion as they relate solely to matters of law, not fact. Defendant further argues that plaintiff is already in possession of all requested discovery as plaintiff's grievance documents were attached to the motion for summary judgment.[6] The record demonstrates that the discovery closure date is set for June 25, 2012. (Doc. 68). Plaintiff has not filed any opposition to defendant's motion.

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the

---

[5] Alternatively, the undersigned recommends that plaintiff's claims against defendant McCallister be dismissed for his failure to properly exhaust the grievance procedures of Ohio Admin. Code § 5120-9-31 for the reasons stated above in connection with defendant Burchett's motion for summary judgment.

[6] The Court notes that the only document attached to defendant's motion for summary judgment was the Declaration of Linda Coval. *See* Doc. 69, Ex. 1. Defendant did not file the grievance documents until April 26, 2012. (Doc. 74). Consequently, defendant's argument in this regard is not well-taken.

most efficient use of judicial resources.' *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) (citations omitted)." *Chavous v. Dist. of Columbia Financial Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001).

Given the undersigned's recommendation that plaintiff's remaining claims be dismissed due to his failure to exhaust administrative remedies as required by the PLRA, "a stay of discovery is appropriate and 'an eminently logical means to prevent'" unnecessary costs associated with discovery. *Cromer v. Braman*, No. 1:07-cv-9, 2007 WL 3346675, at *1 (W.D. Mich. Nov. 7, 2007) (granting stay of discovery due to pending summary judgment motion based on defendants' claims that plaintiff failed to exhaust administrative remedies under the PLRA). Accordingly, defendant's motion to stay discovery is granted.

## VI. Conclusion

For the above-stated reasons, the Court hereby **RECOMMENDS** that:

1. Defendant Burchett's motion for summary judgment (Doc. 69) be **GRANTED** and that plaintiff's claims against defendant Burchett be **DISMISSED**;

2. Plaintiff's claims against defendant McCallister be **DISMISSED**;

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997); and

4. This case be **DISMISSED** on the docket of the Court.

Further, **IT IS HEREBY ORDERED** that defendant Burchett's motion to stay discovery (Doc. 71) is **GRANTED**.

Date: 5/2/12

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL MCCAIN,                  Case No. 1:09-cv-444

        Plaintiff,                        Dlott, J.
                                        Litkovitz, M.J.

vs.

ED VOORHIES, *et al.*,
        Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☑ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Michael D. McCain Sr.<br>479-429<br>Mansfield Corr Inst.<br>PO Box 78<br>Mansfield, OH 44901 | D. Is delivery address different from Item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) | ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7003 2260 0002 6723 4767 | |

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540